UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONDRE KINTE JOHNSON,

      Plaintiff,

                                        Case No. 1:24-cv-898

v.

                                        Hon. Hala Y. Jarbou

MICHAEL J. POULIN, et al.,

      Defendants.

_____/

**ORDER REGARDING REPORT AND RECOMMENDATION**

Plaintiff Deondre Johnson, proceeding pro se, brings this lawsuit based on alleged violations of his First Amendment right to receive legal mail in prison.  On January 22, 2026, Magistrate Judge Ray Kent issued a report and recommendation (R&R) that the Court grant summary judgment to Defendants Michael J. Poulin and Unknown Wall based on Johnson's failure to exhaust his administrative remedies (ECF No. 33).  Johnson has filed objections in response (ECF No. 34).

Under Rule 72 of the Federal Rules of Civil Procedure, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  For the reasons explained below, the Court finds that Defendants have not established Johnson's failure to exhaust.  Nonetheless, the Court finds that Defendants are entitled to summary judgment on all claims, and will therefore dismiss the case.

**A. Failure to Exhaust**

"[T]o comply with the . . . exhaustion requirement" imposed by the Prison Litigation Reform Act, "an inmate must take 'advantage of each step the prison holds out for resolving the claim internally.'"  *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022) (quoting *Reed-Bey v.*

*Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)); *see also* 42 U.S.C. § 1997e(a).  "[B]ecause an inmate's failure to exhaust his administrative remedies is an affirmative defense, '[a] district court should grant summary judgment only if a defendant establishes that there is no genuine dispute of material fact that the plaintiff failed to exhaust.'"  *Id.* (second alteration in original) (quoting *Does 8–10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019)).  Furthermore, failure to exhaust administrative remedies is not a bar to suit "when remedies are not 'available.'"  *Id.* (quoting *Ross v. Blake*, 578 U.S. 632, 642 (2016)).

Here, Johnson testified that he submitted a grievance regarding the alleged incident and then, when he did not hear back after a few weeks, he submitted a second grievance and again got no response.  (Johnson Dep. 38, ECF No. 16-12.)  Johnson discussed the issue with prison staff, who indicated there was no record of him filing a grievance.  (*Id.* at 25.)  After that, Johnson admits he did not "take any other steps to address the issue of [his] legal mail being opened."  (*Id.* at 26.)  For their part, Defendants submitted a declaration from Lieutenant Nathan Stephenson, who avers that "[t]he Muskegon County Jail has not received any grievances for the issue stated in Plaintiff's Complaint."  (Stephenson Decl. ¶ 4, ECF No. 1-4.)

The magistrate judge concluded that Defendants had established Johnson's failure to exhaust his remedies.  While Johnson has plainly created a dispute as to whether he filed a grievance at all, the magistrate judge reasoned that Johnson failed to specify the time period in which he filed his initial grievance, and thus did not create a dispute as to whether he filed a grievance within seven days of the incident at issue, as required by Muskegon County policy.  (*See* Grievance Policy, ECF No. 16-11, PageID.86.)  But the Court disagrees with this reasoning.  As noted above, it is Defendants' burden to establish that Johnson failed to exhaust his remedies. Johnson's evidence that he submitted a grievance contradicts Defendants' evidence that he never

submitted a grievance, creating a dispute of fact.  Defendants provide no evidence for the alternative contention that Johnson submitted a *late* grievance.  Thus, they have failed to establish that Johnson did not exhaust his administrative remedies, and are not entitled to summary judgment on that issue.

Defendants argue in the alternative that even if Johnson submitted a grievance, he abandoned it by failing to pursue it through the appeal process.  Muskegon County policy provides that a prisoner who files a grievance "has 3 days to request a level 2 review" "[a]fter receiving a level 1 response." (*Id*.)  Because Johnson did not receive a level 1 response, he had no obligation— and presumably no ability—to file an appeal.  Nothing in the County policy suggests that a constructive denial based on a failure to respond can be appealed.  Furthermore, Johnson tried to address the failure to respond by submitting another grievance, which again received no response.  Because Johnson had no obligation under the policy to further appeal the lack of response, his failure to do so cannot constitute a failure to exhaust.  To frame the same point differently: insofar as an appeal process existed, it was unavailable to Johnson because the jail denied him the ability to use it by failing to respond.  *See Lamb*, 52 F.4th at 292 (remedies are unavailable if they "operate[] as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates" (quoting *Ross*, 578 U.S. at 633)).

In sum, Defendants have not established that Johnson failed to exhaust his administrative remedies.

## B. Official Capacity Claims

### 1. Monetary Damages

Defendants note that Johnson's complaint only asserts claims against them in their official, rather than personal, capacities.  A claim for monetary damages against a government official is, in effect, a claim against the government entity itself.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991)

3

("[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (one layer of quotation marks omitted) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985))).  And when a plaintiff—even a pro se plaintiff—explicitly specifies that they are suing a defendant in their official capacity, the Court is bound by that specification.  *See Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at \*3 (6th Cir. Apr. 1, 2024).  Thus, in order to sustain a claim against Defendants, Johnson must establish that Muskegon County is liable for the constitutional violations he alleges.

Johnson brings a First Amendment claim under 42 U.S.C. § 1983.  "[U]nder § 1983, local governments are responsible only for their own illegal acts. They are not vicariously liable under § 1983 for their employees' actions."  *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (alteration in original) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)).  "To properly allege a municipal liability claim, a plaintiff must adequately allege (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance of or acquiescence to federal rights violations."  *Id.* (cleaned up).

Defendants contend that Johnson has not presented evidence tying Muskegon County to the decision to open Johnson's legal mail.  The County's written policy states that legal mail "may be inspected for contraband when opened in front of the inmate for whom the mail is intended." (ECF No. 16-10, PageID.82.)  Thus, Defendants' decision to open Johnson's mail outside of his presence was a violation of—rather than the result of—County policy.  The decision to open Johnson's mail was made by Sergeant Justin Wall, who got approval from Lieutenant Nathan Stephenson, the administrator of the jail. (Wall Decl. ¶¶ 5–6, ECF No. 16-3; *see* Stephenson Decl.

¶¶ 2, 7.)  "[W]hether an official ha[s] final policymaking authority is a question of state law." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (plurality opinion).  Under Michigan law, the County sheriff creates jail policies.  *See* Mich. Comp. Laws § 51.281 ("The sheriff of any county may prescribe rules and regulations for the conduct of prisoners in his custody . . . .).  And Sheriff Poulin states in a declaration that he "was not involved in nor present for the opening of Mr. Johnson's legal mail."  (Poulin Decl. ¶ 3, ECF No. 16-5.)  Furthermore, while Stephenson was the jail administrator, "mere authority to exercise discretion while performing particular functions does not make a municipal employee a final policymaker unless the official's decisions are final and unreviewable and are not constrained by the official policies of superior officials."  *Miller v. Calhoun County*, 408 F.3d 803, 814 (6th Cir. 2005) (quoting *Feliciano v. City of Cleveland,* 988 F.2d 649, 655 (6th Cir. 1993)).  Stephenson is not a policymaker because there is no evidence that he had the power to make final, unreviewable decisions regarding the jail's treatment of legal mail.

In sum, Johnson has not provided evidence that Muskegon County has an official policy of opening legal mail outside the presence of inmates, or that an official with policymaking authority made the decision to open his mail.  Nor can Johnson bring a claim under the other two theories of municipal liability: failure to train/supervise and informal custom.  *See D'Ambrosio*, 747 F.3d at 386.  There is no evidence here that the County failed to train or supervise its employees in a manner exhibiting "'deliberate indifference' to the fact that its inadequate training or supervision would lead its agents to violate constitutional rights."  *Gambrel v. Knox County*, 25 F.4th 391, 408 (6th Cir. 2022).  And a few isolated violations of County policy—Johnson testified that his legal mail had been read outside his presence before (*see* Johnson Dep. 20)—do not constitute a "practice[] so persistent and widespread as to practically have the force of law."

*Connick*, 563 U.S. at 60–61.  Thus, Johnson has failed to establish the County's liability, so Defendants are entitled to summary judgment on his claims against them in their official capacities.

### 2. Injunctive Relief

The above analysis applies only to Johnson's request for monetary damages against Defendants.  Johnson also seeks injunctive relief (*see* Compl., PageID.4 (requesting that the Court "Change The [jail] Policy")), and a suit for injunctive relief against a government official in their official capacity does not qualify as a suit against the government entity, *see Wolfel v. Morris*, 972 F.2d 712, 719 (6th Cir. 1992) ("[O]fficial-capacity actions for prospective relief are not treated as actions against the State." (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989))).  However, Johnson cannot seek injunctive relief against Defendants because he lacks standing to do so.  The parties do not discuss the issue of standing, but "the standing issue goes to this Court's subject matter jurisdiction, [and thus] can be raised sua sponte."  *See Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007).

To establish standing to seek an injunction, Johnson must demonstrate that "he [is] likely to suffer future injury from the" conduct of which he complains.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).  Although Defendants' prior conduct "might be 'evidence bearing on whether there is a real and immediate threat of repeated injury,'" a plaintiff cannot establish standing if "the threat of repeated injury is speculative or tenuous."  *Grendell v. Ohio Supreme Ct.*, 252 F.3d 828, 833 (6th Cir. 2001).  Here, the fact that Defendants opened Johnson's legal mail previously does not establish that they are likely to do so again, especially given the above conclusion that these searches were not pursuant to County policy.  Indeed, the evidence suggests that Defendants searched Johnson's mail due to unique circumstances: Wall observed communications indicating that Johnson might be using legal mail to smuggle narcotics.  (Wall Decl. ¶ 4.)  There is no reason to think that such circumstances will recur.

6

In short: Johnson cannot seek monetary damages against Defendants in their individual capacities because he has not sufficiently established the County's responsibility for their actions. And Johnson cannot seek injunctive relief because he has not established standing to do so.

**C. Other Objections**

Johnson raises several other objections to dismissal of his claims.  First, he argues that he needs more time to respond to the R&R because prison officials have interfered with his legal mail.  But Johnson provides no evidence for this claim, nor does he explain why the alleged interference has prevented him filing objections—indeed, the fact that he *did* submit objections suggests any interference is minimal.  He also claims that recent lockdowns at his prison have interfered with his ability to send mail, but again he does not explain why this has prevented him from responding to the R&R.  Second, Johnson contends that he needs more time to respond to the R&R because he has a mental disability that limits his capacity to prepare a response.  But again, Johnson provides no evidence for this contention, and his filings suggest he is capable of adequately representing himself in this matter.  Finally, Plaintiff argues that the magistrate judge was wrong to deny his motion for an extension of time to move to amend or supplement his complaint.  However, the Court agrees with the magistrate judge that Plaintiff has failed to sufficiently justify the granting of an extension for the reasons outlined in the order denying that motion (*see* ECF No. 32).

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 34) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 33) is **APPROVED IN PART** and **REJECTED IN PART**.  The Court approves the recommendation that it grant summary judgment to Defendants, but rejects the recommendation that it do so on the basis of Plaintiff's failure to exhaust.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED**.

A judgment will enter in accordance with this Order.

Dated: February 25, 2026                              /s/ Hala Y. Jarbou
                                                      HALA Y. JARBOU
                                                      CHIEF UNITED STATES DISTRICT JUDGE